IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.

RUSSELL VINCENT WRENN,

        Defendant.
_____

CR 99-225-RE
CV 05-375-RE

OPINION AND ORDER

Gary Sussman
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR 97204

    Attorney for Plaintiff

Russell Vincent Wrenn
Federal Registration No. 64549-065
FCI Sheridan
27072 Ballston Road
Sheridan, OR 97378

    Defendant Pro Se

REDDEN, Judge:

    The matter before the court is defendant's motion (doc. 69) for a "Writ of Error Audita Querela." In his motion, defendant seeks to have his presentence report corrected and his

1 -     OPINION AND ORDER

sentence adjusted to remove "enhancements that were based upon facts neither admitted by [defendant] nor found by a jury to be true beyond a reasonable doubt." Def. Motion at 11. He seeks "the option to be resentenced under the advisory Guidelines appealable under the standard of unreasonableness review." Id.

Although defendant characterizes his motion as a "Writ of Error Audita Querela," the motion attacks the legality of his underlying sentence. Section 2255 of 18 United States Code "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of his detention." Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.), *cert. denied*, 540 U.S. 1051 (2003). The Ninth Circuit refuses to permit defendants to circumvent the provisions of section 2255 by calling their motions something else. See, e.g., Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (court refused to permit defendant "to circumvent the successive motion bar by bringing a section 2241 petition" rather than a motion for relief under section 2255). Therefore, this court construes defendant's motion as a motion for relief under 28 U.S.C. § 2255 (2255 motion).

Shortly before defendant's his two-day trial that began on November 9, 1999, I granted the government's motion in limine seeking to preclude evidence of a necessity defense. I did, however, permit defendant to present evidence pertaining to the circumstances under which he came into possession of the firearm. The jury found defendant guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

The presentence report assigned a base offense level of 24, because defendant had two prior drug trafficking offenses; applied no enhancements; recommended a two-level reduction for acceptance of responsibility; and, with a criminal history category of V, resulted in a guideline range of 77-96 months. Defendant objected to the report's recommendation of two levels for acceptance of responsibility, seeking three levels. He also sought a four level downward departure under U.S.S.G. § 2K2.11 (lesser harms), and requested his federal sentence run concurrently to an unexpired state sentence.

At defendant's January 20, 2000, sentencing hearing, I reduced his base offense level by two levels for acceptance of responsibility. I rejected defendant's request for downward departure and imposed a sentence of 86 months, to run consecutively with his unexpired state sentence.

Defendant filed a direct appeal, arguing I erred in precluding him from raising a necessity defense at trial and in granting only a two-level reduction for acceptance of responsibility rather than the three levels he sought. Defendant also argued the government had presented insufficient evidence that the firearm affected interstate commerce.

On May 10, 2001, the Ninth Circuit affirmed this court. Defendant filed a petition for rehearing and a suggestion for rehearing *en banc* regarding the denial of the three level of reduction only. On June 21, 2001, the Ninth Circuit denied the petition for rehearing, and on July 19, 2001, issued the mandate.

On March 1, 2005, defendant filed the motion currently before this court. Defendant argues he is entitled to challenge his sentence now based on the U.S. Supreme Court's recent decision in United States v. Booker/United States v. Fanfan, 125 S.Ct. 738 (2005), wherein the Court held that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

Defendant's motion is time-barred because 28 U.S.C. § 2255 contains a one-year statute of limitations that runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and has been made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence. Defendant's conviction became final not

3 -   OPINION AND ORDER

later than October 18, 2001, when the period for filing a petition in the U.S. Supreme Court expired. Defendant has presented no evidence or arguments of extraordinary circumstances that would have made the filing of a timely motion impossible. Further, no evidentiary hearing is required where, as here, the files and records conclusively show that defendant is not entitled to relief. United States v. Mejia-Mesa, 153 F.3d 925, 929 (9th Cir. 1998).

The only factor that could potentially extend the one-year statute of limitations in this case the holding of Booker/Fanfan which, defendant argues, creates a new legal right that did not exist at the time he was sentenced and that he is entitled to assert now. However, defendant's argument is of no avail because the Blakely/Booker rule does not apply retroactively to cases on collateral review. Although the Ninth Circuit has not ruled on the issue of retroactivity in the context of an initial Section 2255 motion, three other circuit courts have so ruled. See, e.g. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) ("Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005) ("Booker's rule does not apply retroactively in collateral proceedings"); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005) ("Booker does not apply retroactively to criminal cases that became final before its release on January 12, 2005"). Numerous federal district courts, including this one, have also so ruled. See, e.g., Gerrish v. United States, 353 F.Supp.2d 95, 96 (D. Me. 2005) (denying application for certificate of appealability because neither Blakely nor Booker apply retroactively to cases on collateral review); United States v. Lagrand, No. CR 02-124-BR (D. Or., Jan. 24, 2005) Op. at 5 (collecting other cases from this district); Sanders v. United States, No. CR 03-422-HA (D. Or., Jan. 25, 2005) Op. at 4 (citing other cases from this district). Therefore, defendant's motion must be denied because it is time-barred.

For the reason discussed above, defendant's 2255 motion (doc. 69) DENIED, and all pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

Dated this   10th    day of May, 2005.

/S/  James A. Redden
James A. Redden
United States District Judge

5 -     OPINION AND ORDER